IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sandy Cook, | C/A No. 0:11-1625-JFA-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Michael J. Astrue, Commissioner of Social Security Administration, | |
| Defendant. | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 DSC et seq. The plaintiff, Sandy J. Cook ("Cook"), brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the defendant, Commissioner of Social Security ("Commissioner"), denying her claims for Disability Insurance Benefits ("DIB"). Also pending before the court is Cook's motion to admit additional evidence. (ECF No. 15.) Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be reversed and the case remanded.

## ADMINISTRATIVE PROCEEDINGS

In November 2008, Cook applied for DIB, alleging disability beginning August 30, 2008. (Tr. 144.) Cook's application was denied initially and upon reconsideration, and she requested a hearing before an administrative law judge ("ALJ"). A hearing was held on September 7, 2010, at which Cook appeared and testified. She was represented by a non-attorney, Russell Disparti. After hearing testimony from a vocational expert, the ALJ issued a decision on September 23, 2010, denying benefits and concluding that Cook was not disabled. (Tr. 19-30.)

Cook was forty-two years old at the time of her alleged disability onset date. (Tr. 46.) She has a high-school education and has past relevant work experience as a housekeeper, janitor, moving packer, restaurant manager, and server. (Tr. 48-54, 177.) In her application, Cook alleged disability since August 30, 2008 due to bipolar and anxiety/panic disorder, chronic obstructive pulmonary disease, thyroid disease, arthritis in her back, reflux, hypertension, high cholesterol, hernia, carpal tunnel syndrome, migraine headaches, and diabetes. (Tr. 176, 210, 243.)

The ALJ found as follows:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2013.

2. The claimant has not engaged in substantial gainful activity since June 15, 2010, the amended alleged onset date (20 CFR 404.1571 *et seq.*).

3. The claimant has the following severe impairments: bipolar disorder, anxiety and panic disorder, migraine headaches and chronic obstructive pulmonary disease (20 CFR 404.1520(c)).
    * * *
4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
    * * *
5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with restrictions that require simple, routine tasks; a supervised environment; no required interaction with the public or "team-type" interaction with co-workers; no lifting or carrying over 20 pounds occasionally and 10 pounds frequently; only occasional climbing; and environment reasonably free from dust, fumes, gases, odors and extremes of temperature and humidity.
    * * *
6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).
    * * *
7. The claimant was born on July 20, 1966 and was 42 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1463).



8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

\* \* \*

11. The claimant has not been under a disability, as defined in the Social Security Act, from August 30, 2008, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 21-30.) On June 6, 2011, the Appeals Council denied Cook's request for review, making the decision of the ALJ the final action of the Commissioner. (Tr. 1-6.) This action followed.

## SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 423(d)(1)(A) and (d)(5), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations require the ALJ to consider, in sequence:

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

PJG

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 404.1520(a)(4). If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step. Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments. Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner. To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy. 42 U.S.C. § 423(d)(2)(A); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980). The Commissioner may carry this burden by obtaining testimony from a vocational expert. Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers

PJG

v. Califano, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589. In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.

## ISSUES

Cook raises the following issues for judicial review:

I. The ALJ erred in failing to properly develop the record regarding the issues of the alleged onset date and unemployment benefits in light of the fact that the plaintiff did not have an attorney at the hearing.

    A. The ALJ erred in finding that the plaintiff's receipt of unemployment benefits automatically bars her application for Social Security benefits.

    B. The ALJ had a duty to develop the record on the issues of alleged onset date and unemployment because the plaintiff did not have a lawyer.

II. The ALJ erred in failing to honor the opinions of disability of the two treating physicians.

III. The ALJ erred in that his RFC evaluation was inconsistent with his own findings.

IV. The ALJ erred in his evaluation of the plaintiff's psychiatric symptoms and headaches.

V. The ALJ erred in stating that the vocational testimony was inconsistent with the Dictionary of Occupational Titles when in fact, the ALJ's hypothetical question added substantial additional limitations, which are not present in the DOT.

(Pl.'s Br., ECF No. 16.)



# DISCUSSION

A.  **The Effect of Unemployment Benefits on Plaintiff's Disability Claim**

In her brief, Cook argues that the ALJ failed to "properly develop the record regarding the issues of the alleged onset date and unemployment benefits in light of the fact that the plaintiff did not have an attorney at the hearing." (ECF No. 16 at 2.) In particular, Cook alleges that the ALJ erred in finding that she was barred from receiving Social Security disability benefits during the period she was receiving unemployment benefits, which resulted in the amendment of the onset date of disability. (Id. at 7.) The Commissioner agrees with "Plaintiff's suggestion that one can be disabled under the Social Security Act and apply for unemployment benefits without being inconsistent," but asserts the issue is a "red herring." (ECF No. 20 at 8.) Rather, the Commissioner counters that Cook is bound by the actions of her duly-appointed representative—even if the representative was not an attorney—and the ALJ acted reasonably on the representative's motion to change Cook's disability onset date. (Id. at 8.)

The court disagrees based on the record presented. Contrary to the Commissioner's suggestion, this is not a case of holding a claimant to her representative's action at the hearing. Rather, it is a case of legal error affecting the entire sequential evaluation. The transcript shows that the ALJ at least implicitly held that Cook could not receive DIB for the same period she received unemployment benefits.

Cook argues, and the Commissioner concedes, that an application for disability may not be denied solely on the ground that the applicant received unemployment benefits. Cook points to Social Security Ruling 00-1c, which was based on the Supreme Court's decision in Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795 (1999), holding there was no inherent conflict between

claims for disability insurance benefits and claims under the American with Disabilities Act. See SSR 00-1c, 2000 WL 5889.

Cook also discusses in her brief two memoranda from the Chief Social Security ALJ, Frank Cristaudo, which were issued to regional chief judges and regional office management teams expressing SSA's policy regarding SSR 00-1c's application to unemployment benefits. In the first memorandum, dated November 15, 2006, Judge Cristaudo wrote: "This is a reminder that the receipt of unemployment insurance benefits does not preclude the receipt of Social Security disability benefits. The receipt of unemployment benefits is only one of many factors that must be considered in determining whether the claimant is disabled. See 20 CFR 404.1512(b) and 416.912(b)." Frank A. Cristaudo, Memorandum re: Receipt of Unemployment Insurance Benefits by Claimant Applying for Disability Benefits- INFORMATION, NOSSCR Social Security Forum, Volume 29, No. 11 (November 15, 2006). In the second memorandum, Cristaudo re-emphasized the position of the Social Security Administration that "individuals need not choose" between applying for the two types of benefits, and that "ALJs should look at the totality of circumstances in determining the significance of the application for unemployment benefits and related efforts to obtain employment." Frank A. Cristaudo, Memorandum re: Receipt of Unemployment Insurance Benefits by Claimant Applying for Disability Benefits- REMINDER, NOSSCR Social Security Forum, Volume 32, No. 8 (August 9, 2010).

Pursuant to 20 C.F.R. § 404.1512(b), a claimant must prove disability by evidence that includes, for example,

> (3) "[s]tatements you or others make about your impairment(s), your restrictions, your daily activities, *your efforts to work*, or any other relevant statements . . . ; "

(4) Information from other sources, as described in § 404.1513(d); . . . "

20 C.F.R. § 404.1512(b)(3) & (4) (emphasis added).

Other sources discussed in 20 C.F.R. § 404.1513(d) include, but are not limited to:

(1) Medical sources not listed in paragraph (a) of this section (for example, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists);

(2) Educational personnel (for example, school teachers, counselors, early intervention team members, developmental center workers, and daycare center workers);

(3) Public and private social welfare agency personnel; and

(4) Other non-medical sources (for example, spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy).

20 C.F.R. § 404.1513(d).

Although the Commissioner contends that the ALJ merely accepted the motion of Cook's representative, the transcript shows that the ALJ implicitly held that Cook was barred from receiving Social Security DIB benefits for the same period she received unemployment benefits, and invited Cook's representative to make a motion to amend her onset date accordingly. In light of the discussion above, this was based on legal error and the ALJ's decision shows it impacted his review of the record and analysis of credibility. In particular, the ALJ stated that he assigned little weight to the opinions of Cook's two treating physicians, in part, because "these opinions were offered before claimant alleges her disability began and since offering these opinions, neither physician saw the claimant on more than a few occasions." (Tr. 28.) Notably, the amended onset date of June 15, 2010 was only three months prior to Cook's hearing on September 7, 2010. Although the ALJ discussed Cook's medical history prior to the amended onset date, the statement above reflects that

PJG

the ALJ discounted it. Moreover, the statement also reflects that the ALJ amplified the impact of the lack of evidence in the narrow window after the amended date in his credibility analysis.[1] In his discussion as to why Cook's mental impairments failed to met the criteria of the listings, the ALJ did not address the bulk of Cook's medical records, including evidence of decompensation episodes and psychiatric hospitalization that occurred prior to her amended onset date. Rather, the ALJ observed that the "objective evidence discussed in detail above shows that since June 15, 2010, the claimant has not received regular treatment from any mental health facility," and limited his analysis to the few records after that date. (Tr. 25.) The change in the onset date also similarly impacted the ALJ's credibility analysis of Cook insofar as she had little evidence of her treatment in the months between her amended onset date and the hearing. One of the reasons given by the ALJ in finding that Cook's claims were not fully consistent with medical evidence was that "her testimony at the hearing [that] she continued to receive medical care from Dr. Tolhurst and Ms. Harold is contradicted by the available evidence as it shows [she] has not seen Dr. Tolhurst or Ms. Harell since June 15, 2010." (Tr. 27.) Therefore, to the extent the amended onset date was founded on legal error and the change impacted the ALJ's analysis of the evidence and credibility, the court is constrained to remand this matter for the ALJ for reconsideration.

---

[1] Cook has filed a motion to admit new evidence of her medical records dating from January 12, 2010 to the date of hearing (ECF No. 15), and the Commissioner has filed a response in opposition (ECF No. 18). Notably, the record reflects that Cook's representative appears to have sent a letter to the ALJ prior to the hearing purporting to submit some of the same treatment records included in the pending motion, such as Dr. Tolhurt's records from January and March 2010. (Tr. 126.) However, it is not clear as to whether the ALJ actually reviewed or considered those treatment records, and the documents were not included by the Commissioner in the record. Accordingly, it is unclear whether all of the records at issue are in fact "new" in the sense that they were not provided to the ALJ, or rather whether the record is simply incomplete. The ALJ should address this issue on remand.

PJG

**B.      Other Issues**

The court therefore recommends that the ALJ be directed to further consider all the evidence as to the totality of the circumstances of Cook's claim, including the evidence addressed in her motion to admit new evidence and the evidence related to the period in which she was receiving unemployment benefits.  See Roberts v. Astrue, No. 10-10664-PBS, 2011 WL 3163257, at *8 (D. Mass. July 27, 2011) (stating that "though Social Security Administration policy suggests that the receipt of unemployment insurance benefits does not preclude the receipt of disability benefits, it also notes that 'application for unemployment benefits is evidence that the ALJ must consider together with all of the medical and other evidence.' ") (citations omitted.).  Because Cook's other arguments appear to rely at least in part on analysis affected by the change in the onset date, the court need not address Cook's remaining issues, as they may be rendered moot on remand.  See Boone v. Barnhart, 353 F.3d 203, 211 n. 19 (3d Cir.2003) (remanding on other grounds and declining to address claimant's additional arguments).

**RECOMMENDATION**

Based on the foregoing, the court recommends that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be remanded to the Commissioner for further administrative action as set forth above.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 19, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).